# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOSE B. VASQUEZ,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 5:07-cv-366 (HL) |
| **DR. ROGERS, et al.,** : | |
| Defendants. : | |

## ORDER

The Order and Recommendation of United States Magistrate Judge Claude W. Hicks, Jr., entered October 24, 2007 (Doc. 6), in the above-captioned case is before the Court. Plaintiff has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). After de novo consideration of those portions of the Recommendation as to which objection is made, the Court directs as follows.

Plaintiff, Jose Vasquez, filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleges that he was subjected to cruel and unusual punishment as a result of Defendants' failure to treat his severe and debilitating lower back pain. Vasquez named as Defendants James E. Donald, Tydus Meadows, Kathy McDade, Dr. Rogers, Ms. Vaughn, N.P. Bush, and Prison Health Services. Following an initial review of the complaint, the Magistrate Judge recommended that all Defendants except Bush and Rogers be dismissed. As to Bush and Rogers, the Magistrate Judge recommended that the complaint be allowed to go forward. As to Defendants Donald, Meadows, McDade, Vaughn, and Prison Health Services, the Magistrate

Judge found that the allegations of the complaint were insufficient to allow Vasquez's claims to go forward.

In his objections, Vasquez alleges for the first time that Defendants' failure to treat his back pain resulted from Prison Health Services' directives to medical personnel to reduce medical costs. He contends, in his objections, that he was refused a necessary CAT-scan because it was too expensive. Some courts have found deliberate indifference to medical needs sufficient to give rise to constitutional violations "where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence." Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Nicini v. Morra, 212 F.3d 798, 815 n.14 (3d Cir. 2000)). Likewise, courts "have found deliberate indifference in situations where 'necessary medical treatment is delayed for non-medical reasons.'" Id. at 582 (quoting Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)). Thus, if Vasquez can show that he had a serious medical need for which a CAT-scan was a necessary medical procedure, and that Prison Health Services refused to provide the procedure because of a policy of refusing medical treatments because of cost, he might be able to maintain a claim against Prison Health Services.

"Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). Because the allegations contained in Vasquez's objections might be sufficient to state a claim against Prison Health Services, he

shall be allowed to amend his complaint before Prison Health Services is dismissed as a Defendant. Therefore, the Magistrate Judge's Recommendation is rejected insofar as it recommends dismissal of Prison Health Services.

The Court has also reviewed Vasquez's objections as they pertain to Defendants Donald, Meadows, McDade and Vaughn. As to these Defendants Vasquez has failed to offer any argument or allegations not previously considered by the Magistrate Judge. Vasquez vaguely alleges that his injury stemmed from customs or policies put in place by these Defendants; however, these allegations fail to demonstrate a causal connection between the conduct of the Defendants and the injury of which Vasquez complains. With respect to his allegations against Donald, Meadows, McDade and Vaughn, Vasquez attempts to mask what are merely respondeat superior claims with a custom or policy label. Therefore, the Magistrate Judge's Recommendation is accepted insofar is it recommends dismissal of Vaughn, Donald, Meadows, and McDade.

Vasquez shall have twenty days from the date of entry of this Order to amend his complaint to include the allegations against Prison Health Services suggested by his objections. Once the complaint has been amended, the Court will review it to determine if the claims, as stated, are viable and whether Prison Health Services should be served with a copy of the amended complaint. If no timely amendment is received from Vasquez, Defendant Prison Health Services will be dismissed from this action.

**SO ORDERED**, this the 28th day of January, 2008.

*s/ Hugh Lawson*  
**HUGH LAWSON, JUDGE**

mls