**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JOSE B. VASQUEZ,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:07-cv-366 (HL) |
| **DR. ROGERS, et al.,** | : | |
| Defendants. | : | |

## ORDER

The Order and Recommendation of United States Magistrate Judge Claude W. Hicks, Jr., entered August 26, 2008 (Doc. 25), is before the Court. Plaintiff, Jose B. Vasquez, has not filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). After consideration the Court accepts the Recommendation, and further directs as follows.

Vasquez filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleged he was subjected to cruel and unusual punishment as a result of Defendants' failure to treat his severe and debilitating lower back pain. Vasquez named as Defendants James E. Donald, Tydus Meadows, Kathy McDade, Dr. Rogers, Ms. Vaughn, N.P. Bush, and Prison Health Services. Following an initial review of the complaint, on October 24, 2007, the Magistrate Judge recommended that all Defendants except Bush and Rogers be dismissed. As to Bush and Rogers, the Magistrate Judge

recommended that the complaint be allowed to go forward. As to Defendants Donald, Meadows, McDade, Vaughn, and Prison Health Services, the Magistrate Judge found that the allegations of the complaint were insufficient to allow Vasquez's claims to go forward.

In his objections to the Recommendation, Vasquez alleged for the first time that Defendants' failure to treat his back pain resulted from Prison Health Services' directives to medical personnel to reduce medical costs. He contended, in his objections, that he was refused a necessary CAT-scan because it was too expensive. Noting that some courts have found allegations of deliberate indifference to medical needs to be sufficient to give rise to constitutional violations where prison officials ignored objective evidence of a plaintiff's serious need for medical care, the Court, in an Order entered January 28, 2008 (Doc. 15), directed that Vasquez be allowed to amend his complaint as to Prison Health Services.

The Court thus rejected the Magistrate Judge's Recommendation as to dismissal of Prison Health Services. The Court accepted the Magistrate Judge's Recommendation insofar as it recommended dismissal of Vaughn, Donald, Meadows, and McDade. In rejecting the recommendation of dismissal of Prison Health Services, the Court gave Vasquez twenty days to amend his complaint to include the allegations against Prison Health Services. The Court warned that if no timely amendment was received from Vasquez, Defendant Prison Health Services would be dismissed. Thereafter, Vasquez submitted a document which he styled as a Motion for Leave to

File an Amended Complaint, but which was docketed as a Supplement to the Complaint (Doc. 19).

While the Magistrate Judge's first Recommendation was pending, on January 3, 2008, Defendants Bush and Rogers filed a Motion for Summary Judgment. Vasquez filed a response to the Motion. In the Recommendation now before the Court, the Magistrate Judge recommends that Bush and Roger's Motion for Summary Judgment be granted. The Recommendation does not address Vasquez's Motion/Supplement to the Complaint. Vasquez has not submitted objections as to the grant of summary judgment to Bush and Rogers. The Court has reviewed the Recommendation and finds no clear error in the Magistrate Judge's decision. *See, e.g.*, Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (where no objections are filed, the district court should review recommendation for clear error). Accordingly, the Court accepts the Recommendation to grant the Motion for Summary Judgment.

Still to be determined in this case, however, is the status of Defendant Prison Health Services. Although directed to amend his complaint, Vasquez instead elected to file a Motion. In the Motion, Vasquez restates his contentions as to all Defendants, including his allegations against Donald, Meadows, McDade, and Vaughn, who have already been dismissed, as well detailing his allegations as to Bush and Rogers, who were the subject of a separate summary judgment motion. Vasquez does offer significant detail as to his allegations against Prison Health Services, but also offers lengthy legal argument regarding its liability in this case.

In his complaint as originally filed, with respect to Prison Health Services Vasquez said only that after failing to receive the care he needed, he filed a "notice of intent" with them. (Compl. at 4.) After reviewing Vasquez's objections, Vasquez was permitted by this Court to amend his complaint to include a claim that he had a serious medical need for which a CAT-scan was a necessary medical procedure and that Prison Health Services refused to provide the procedure because of a policy of refusing medical treatments because of cost. Instead of amending as directed by the Court, Vasquez has buried any such allegations in an eight-page Motion which encompasses his arguments about ALL Defendants. Insofar as Vasquez intends by means of this Motion to obtain leave to amend his claims as to any party other than Prison Health Services, his request is denied. Insofar as Vasquez intends the Motion to serve as an amendment to the complaint, it is not a proper amendment and is hereby stricken.

Because Vasquez is proceeding pro se, the Court will give him one last opportunity to amend the complaint. Vasquez is not to take this opportunity to make additional claims, or add additional defendants, or make additional arguments about claims that have already been addressed. Rather, Vasquez should title his document as an amendment to the complaint and he should provide specific factual information as to what actions Prison Health Services took or failed to take, and how that conduct served to violate his constitutional rights. Vasquez shall have until October 27, 2008, to submit an amended complaint. If he fails to respond to this order in a timely manner, or if he otherwise fails to comply with the Court's directives, this action shall be

dismissed in its entirety.

In sum, the Recommendation (Doc. 25) is accepted; the Motion for Summary Judgment (Doc. 13) of Defendants' Bush and Rogers is granted.  Insofar as Plaintiff seeks leave to amend his complaint (Doc. 19) as to any party other than Prison Health Services, his request his denied.  Insofar as his Motion for Leave to Amend is intended to be an amendment to his complaint, it is stricken.  Plaintiff shall have until October 27, 2008, to comply with the directives of this Order.

**SO ORDERED**, this the 30th day of September, 2008.

>   *s/ Hugh Lawson*
>   **HUGH LAWSON, JUDGE**

mls