IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSÉ BENITO VASQUEZ,<br>　　　　　　　Plaintiff<br><br>VS.<br><br>PRISON HEALTH SERVICES, INC.,<br>　　　　　　　Defendant | NO.  5:07-CV-366 (HL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Before the court is the a motion seeking summary judgment filed by defendant Prison Health Services, Inc., against plaintiff José Benito Vasquez.  Tab #35.  On January 2, 2009, the undersigned notified plaintiff Vasquez that a motion seeking summary judgment had been filed against him and ordered him to file a response thereto within thirty days.  Tab  #37.  To date, plaintiff Vasquez has **failed to respond** to the defendant's motion.  Nevertheless, it is the obligation of the court to ensure that the standards for summary judgment are met.

**SUMMARY JUDGMENT STANDARD**

As was noted in the court's earlier notice to the plaintiff, Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983).  While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.  *See **Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

**DISCUSSION**

Plaintiff Vasquez has failed to respond to defendant's motion seeking summary judgment despite specific direction from the court to do so.  Accordingly, and based upon the defendant's motion and the other records provided, this court finds the facts as set forth by the defendant in its STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO DISPUTE.  Tab #35- Ex. #5.  Furthermore, the court finds that there is no genuine dispute on any issue.

Plaintiff Vasquez alleges that his constitutional rights were violated while he was in custody at Washington State Prison in Davisboro, Georgia.  Specifically, Vasquez claims that Prison Health Service, Inc. refused to provide adequate care or caused him to receive inadequate care for pain in his back in violation of the Eighth Amendment.  He further alleges that the defendant treats inmate medical problems using only the lowest cost treatments available and improperly charges co-payments for ongoing unresolved medical problems.

Plaintiff's claims that his constitutional rights were violated by the defendant are not substantiated by the evidence in the record.  The defendant has submitted a brief, several affidavits, and other evidence in support of its motion seeking summary judgment.  These uncontested documents show that plaintiff Vasquez's constitutional rights were not violated by the defendant. Therefore, no deprivation of the plaintiff's constitutional rights under 42 U.S.C. §1983 has been established.

Accordingly, **IT IS RECOMMENDED** that the defendant's motion seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED this 13th day of JULY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE